IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED AUG 27 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

WILLIAM FRAZIER, )
　　　　　　　　　　　　)
　　　Petitioner, )
　　　　　　　　　　　　)
vs. ) CRIMINAL ACTION NO.
　　　　　　　　　　　　) 99-7-SJF JJF
UNITED STATES OF AMERICA, )
　　　　　　　　　　　　)
　　　Respondent. )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER FED.R.CIV.PROC. 60(b)(3) ALLEGING "FRAUD UPON A FEDERAL COURT, MISREPRESENTATION, MISINFORMATION, AND VIOLATING THE INTEGRITY OF THE PROCEEDINGS"

Petitioner now presents the following Memorandum of Law in Support of his Motion under Fed.R.Civ.Proc. 60(b)(3) Alleging "Fraud Upon a Federal Court, Misrepresentation, Misinformation and Violating the Integrity of the Proceedings."

### STATEMENT OF THE CASE

On January 12, 1999, a federal Grand Jury for the District of Delaware indicted Petitioner on one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One) and one count of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count Two). In July 1999, Petitioner was tried by a jury before the Honorable Joseph J. Longobardi. The jury found Petitioner guilty on both counts of the indictment.

Petitioner's sentencing hearing began on October 20, 1999, and was continued until December 8, 1999, to allow the government to obtain proof of Petitioner's prior convictions.

-3-

After the continuance, the government established Petitioner's two prior felony convictions for drug offenses. Petitioner was sentenced to a mandatory life sentence on Count Two and a consecutive life sentence on Count One.

Leo John Ramunno, Esquire, represented Petitioner throughout the proceedings in the district court. Following sentencing, Mr. Ramunno withdrew, and Penny Marshall, Esquire, the federal public defender, was appointed to represent Petitioner on direct appeal. Ms. Marshall filed Petitioner's direct appeal on December 14, 1999. On June 26, 2000, while Petitioner's appeal before the Third Circuit was still pending, the United States Supreme Court issued its decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). On October 12, 2000, the Third Circuit **AFFIRMED** Petitioner's convictions and sentence. On February 20, 2001, the United States Supreme Court **DENIED** Petitioner's petition for a writ of certiorari.

On February 19, 2002, Petitioner, through Ms. Marshall, filed his original Section 2255 motion. Subsequently, Petitioner William Frazier's amended motion to vacate, set aside, or correct sentence pursuant to Title 28 U.S.C. § 2255 was **DENIED** on April 7, 2004. Now Petitioner is before this Honorable Court requesting relief under Fed.R.Civ.Proc. 60(b)(3) alleging "fraud upon a federal court."

### AVAILABILITY OF RULE 60(b)

Rule 60(b) provides in relevant part: "on motion and upon such terms as are just, the court may relieve a party... from a final judgment, order, proceeding for the following

-4-

reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)(3); (3) fraud...misrepresentation, or misconduct of adverse party; (4) the judgment is void; (5) the judgment upon which it is based had been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." See, Gonzales v. Crosby, 125 S.Ct. 2641 (2005).

The Gonzales court states: Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them. See, e.g., Klapprott, 335 U.S. at 615 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mill civil cases. The Rule also preserves parties' opportunity to obtain vacatur of judgment that is void for lack of subject matter jurisdiction, a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. Steel Co. v. Citizens for Better Environment, 523 US 83, 94, 101 (1998), in some instances we may not, it is the state, not the habeas petitioner, that seeks to use Rule 60(b), to

-5-

reopen a habeas judgment granting the Writ. See, e.g., <u>Ritter v. Smith</u>, 811 F.2d 1398, 1400 (11th Cir.).

## FRAUD ON THE COURT

A scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing opposing party from fairly presenting his case or defense. Finding of fraud on court is justified only by most egregious misconduct directed to the court itself such as bribery of a judge or jury to fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence. <u>In Re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions</u>, C.A. Minn., 538 F.2d 180, 195. It consists of conduct so egregious that it undermines the integrity of the judicial process. <u>Stone v. Stone</u>, Alaska, 647 P.2d 582. Also see <u>Gonzales v. Secretary for Dept. of Corrections</u>, 366 F.3d 1253 (11th Cir. 2004):

> "A state's interest in the finality of judgment denying Federal habeas corpus relief is not compelling if that judgment would not have been obtained but for "FRAUD". That its agents <u>perpetrated upon the federal court.</u> Rule 60(b)(3) permits a judgment to reopen for "FRAUD", and the savings clause of the Rule specifies that it does not <u>"LIMIT THE POWER OF A COURT...TO SET ASIDE A JUDGMENT FOR FRAUD UPON THE COURT."</u>

The exception may have to be worked out on a case-by-case basis, but the Supreme Court's citation to the <u>Hazel-Atlas</u>, supra., decision in the <u>Calderon</u>, supra, opinion, 523 U.S. at 557, 118 S.Ct. at 1501-02, is instructive. (<u>Hazel-Atlas</u> decision is cited by the commentary to Rule 60(b) as an illustration of a

-6-

situation involving a FRAUD upon a court.  See Fed.R.Civ.P. 60(b) Advisory Committee's Note.).

### ARGUMENT WHY THIS 60(b)(3) MOTION SHOULD BE GRANTED

Petitioner Frazier will begin this argument by stating that he is contesting the "defect in the integrity" of the arraignment proceedings in the instant case with regard to the possible maximum sentence both the court and government attorney claimed that Petitioner faced on the Count I charge. Petitioner Frazier contends that the Honorable Magistrate Judge and the government attorneys perpetrated "fraud upon the federal court" by misinforming Petitioner at his arraignment about the maximum possible panalty he faced on the Count I drug charge. The Magistrate Judge and the government attorneys informed Petitioner that because of the NOTICE OF ENHANCEMENT the narcotic offense carries a mandatory life sentence in prison. Petitioner contends that because there was no drug amount charged in the indictment, by statute, he never faced a mandatory life sentence. Petitioner Frazier further contends that, pursuant to § 841(b)(1)(C), he was subject only to a twenty (20) year maximum sentence; and if Petitioner commits such a violation after a prior conviction for a felony drug offense has become final, he could be sentenced to a term of imprisonment of not more than thirty (30) years.

21 U.S.C. § 841 states:

**(a) Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -

-7-

> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...

**(b) Penalties**

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall besentenced as follows:

> **(1)(A)** In the case of a violation of subsection (a) of this section involving -
>
>> (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base:
>>
>> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....If any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release ... Any sentence under this subparagraph shall, if there was a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment....
>
> **(1)(B)** In the case of a violation of subsection (a) of this section involving -
>
>> (iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base...
>>
>> such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years...If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment...Any sentence imposed under this subparagraph shall, ...if there was [ ] a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment...
>
> **(1)(C)** In the case of a controlled substance in schedule I or II, ... except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years...If any person commits

-8-

> such a violation after a prior conviction for a
> felony drug offense has become final, such person
> shall be sentenced to a term of imprisonment of
> not more than 30 years... Any sentence imposing
> a term of imprisonment under this paragraph shall,
> in the absence of a prior conviction, impose a
> term of supervised release of at least 3 years in
> addition to such term of imprisonment and shall,
> if there was such a prior conviction, impose a
> term of supervised release of at least 6 years in
> addition to such term of imprisonment...

Petitioner argues it was clear "FRAUD ON THE COURT" because the Honorable Judge's scheme interfered with the judicial machinery task of impartial adjudication. Petitioner argues that the Judge's rulings and MISINFORMATION had an affect that prevented Petitioner from putting forward a fair defense of his case; particularly with regard to sentencing. Had Petitioner not been clearly misinformed from the outset, Petitioner's case and defense would have been different. Petitioner will now ask this Honorable Court to see the following cases dealing with MISINFORMATION of a defendant's sentence. First see, United States v. Harrigton, 354 F.3d 178 (2nd Cir. 2004). If an opinion by Judge Roger J. Miner, the Second Circuit held that the "MISINFORMATION" given to the defendant about the sentence he faced, coupled with a failure to warn him that he would be ordered to pay almost $30,000 in restitution meant that the Rule 11 Hearing was violated. The Court said the record simply did not reflect that the defendant's guilty plea was knowing and voluntary, it accordingly vacated the conviction and remanded to the district court with instructions that the defendant be allowed to withdraw his guilty plea.

Petitioner will support his argument by asking this Honorable Court to see: United States v. Guerra, 94 F.3d 989

-9-

(5th Cir. 1996). Guerra's sentencing claim: The underlying error of which Guerra complains is the court's failure to notify him of the correct maximum sentence he faced when he entered into plea negotiations with the Government. This issue is addressed by Federal Rule of Criminal Procedure, Rule 11, which provides in relevant part: (c) Advice to Defendant. Before accepting a plea of guilt or no contender, the court must first address the defendant personally in open court and inform the defendant of, and determine that the defendant understands the following: (1) ... The mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term. As the record makes clear, the district court did not properly inform the defendant of the maximum penalty he faced and thus did not comply with the mandate of Rule 11(c)(1). The Guerra court goes on to state the Constitution does not require a great deal of knowledge on the part of the defendant. The consequence of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir.), cert. denied, 459 US 876, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982). As long as Guerra "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." United States v. Rivera, 898 F.2d 447 (5th Cir. 1990)(quoting, Barbee, 678 F.2d at 635). A guilty plea that was not knowingly, voluntarily, and intelligently entered is invalid and may be withdrawn by the defen-

dant, a conviction resting upon such a plea must be vacated. The transcripts of the arraignment and re-arraignment reveal the following information. The Assistannt U.S. Attorney prosecuting the case informed Guerra that he faced a possible thirty-year term. At that time, the district court interrupted and stated that because of the prior drug felonies, enhancement was required. The government concurred in this position and informed Guerra that he faced sixty (60) years on the indicted charges, that the terms could run consecutively, and that they might not run concurrently with pending state conviction and sentence. All told, Guerra was informed that he faced a potential seventy (70) years in prison. Possessed of this erroneous information as to the possible penalty he faced Guerra was "UNAWARE" of the true nature of the options he faced. He did not know that going to trial would only put him at risk of half the possible sentence he was informed to face. "THERE IS NOTHING IN THE RECORD TO SUGGEST THAT GUERRA EVER RECEIVED THE CORRECT INFORMATION FROM HIS COUNSEL, HERNDEN." Had Hernden realized the district court's error, one would hope he would have brought it to the court's attention. Guerra's plea of guilty and resulting waiver of his Sixth Amendment right to a jury trial was made unintelligently and is therefore invalid. Therefore, Guerra's conviction is likewise invalid and must be set aside.

Turning back to the instant case, although Mr. Frazier did not plead guilty, the effect of the misinformation that he received with regard to the actual maximum penalty he faced

is exactly the same here as in the cases cited above. Therefore the result must be the same. The facts of the instant case are clear: the indictment did not charge an actual drug amount, therefore, for sentencing purposes, Mr. Frazier's sentence must necessarily come under § 841(b)(1)(C) which carries a maximum of twenty-years and, with Mr. Frazier's prior convictions, a thirty-year maximum on. Thus, Petitioner argues before this Honorable Court that it was an EGREGIOUS AND HORRENDOUS error requiring reversal of his convictions and sentences to MISINFORM Petitioner that he was facing a maximum life sentence if he was convicted on Counts One and Two of the indictment.

### CONCLUSION

Petitioner Frazier concludes this Motion under Fed.R. Civ.P., Rule 60(b)(3) stating that it has been clearly shown throughout the Motion that both the Magistrate Judge and the government's attorneys violated his rights and the "integrity of the proceedings" by committing "fraud upon a federal court" through "misinformation" with regard to the maxmimu possible sentence that he, the Petitioner, faced.

**WHEREFORE**, for all of the above stated reasons, Mr. Frazier, Petitioner herein, prays that this Honorable Court will **REVERSE** the convictions and sentences in the instant case and allow the relief that the facts of the instant case warrant.

Dated: August ___21___, 2007.

Respectfully submitted,

*/s/ William Frazier*
William Frazier, pro se
Register No. 01073-748

-12-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. mail, via the institution's legal-mailing system, this __21__ day of August, 2007, upon AUSA COLM F. CONNOLLY, United States Attorney's Office, DISTRICT OF DELAWARE P.O. BOX 2046 WILMINGTON, DELAWARE 19899.

*William Frazier* (signature)
William Frazier, pro se
Register No. 01073-748
FCC-USP-1
P.O. Box 1033
Coleman, Florida   33521-1033

-13-