IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Criminal Action No.  99-007-JJF |
| | ) | Civil Action No.      02-140-JJF |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3)**

NOW COMES the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney, and submits the following response to petitioner William Frazier's Motion for Relief Under Fed. R. Civ. P. 60(b)(3).  (D.I. 103.)  For the reasons set forth below, the government respectfully requests that the Court deny petitioner's motion.

**I.     INTRODUCTION**

In July 1999, following a jury trial, petitioner William Frazier was convicted on a two count indictment— one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count One") and one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Two").  At sentencing, the government established Frazier's two prior felony drug convictions and Frazier was sentenced to a mandatory life sentence on Count Two and a consecutive life sentence on Count One.  Frazier then appealed his conviction and sentence, which were subsequently affirmed by the Third

Circuit (D.I. 64) and on February 20, 2001, Frazier's petition for a writ of certiorari to the United States Supreme Court was denied.

Frazier then filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2255 on February 19, 2002. After denial of this initial petition the Court granted leave for petitioner to amend his motion. On February 13, 2003, Frazier filed an amended petition alleging ineffective assistance of counsel and that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), a decision handed down during the pendency of petitioner's appeal to the Third Circuit. (D.I. 89-90). On April 7, 2004, the Court issued a Memorandum Opinion (D.I. 95) and Order (D.I. 96) denying Frazier's motion to vacate under 28 U.S.C. § 2255. The Third Circuit declined to issue a certificate of appealability (D.I. 100) and on November 7, 2005, Frazier's petition for a writ of certiorari was denied. (D.I. 102). On August 27, 2007, the instant motion followed, alleging that the Magistrate Judge and federal prosecutors committed fraud upon the Court by failing to accurately advise petitioner at arraignment of the penalties he faced if convicted of Counts One and Two of the indictment.

## II.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 60, Relief From Judgment or Order, states in relevant part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons...(3) fraud..., misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Although passage of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), on its face, left Rule 60(b) intact, subsequent decisions have curtailed the use of Rule 60(b) motions in connection with requests for post-conviction relief.  See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).  Whereas prior to the AEDPA, petitioners could file multiple motions to vacate, the AEDPA effectively bars successive habeas petitions, except in specific delineated circumstances. See 28 U.S.C. §§ 2244(a), 2255; id.  Prior to filing a successive motion for relief under 28 U.S.C. § 2255, the motion must be certified by the appropriate court of appeals that it either contains newly discovered evidence that would clearly vindicate the petitioner or a new rule of constitutional law that the Supreme Court has made retroactive.  28 U.S.C. § 2255.

Rule 60(b) motions are not *per se* considered successive habeas petitions.  A motion attacking the "manner in which the earlier habeas judgement was procured," can be adjudicated on its merits while one that "seeks to collaterally attack the petitioner's underlying conviction," must be treated as a successive habeas petition.  Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  Thus a petitioner may challenge the conduct of the habeas proceedings, but may not utilize a 60(b) motion to challenge the underlying conviction.

      **B.**     **Frazier's Motion Is Untimely and Should Be Dismissed.**

Frazier has brought his motion pursuant to Fed. R. Civ. P. 60(b)(3), alleging a fraud upon the Court.  Fed. R. Civ. P. 60(b) requires that all motions brought under the rule must be brought in a "reasonable time," but continues on to specify that motions brought pursuant to subsection (b)(3) must be filed within <u>one year</u> of the relevant judgment, order, or proceeding.  Fed. R. Civ. P. 60(b) (emphasis added).  The instant motion was filed with the Court on August 27, 2007.  On its face, petitioner challenges a "fraud" that was allegedly perpetrated at his initial appearance in

his criminal case, a proceeding held February 11, 1999, more than eight years ago. Even providing Frazier the most generous of interpretations, his claim is still untimely. Prior to the instant motion, the last activity in connection with Frazier's case (denial of his petition for a writ of certiorari) took place on November 7, 2005. Thus, in order to be timely, Frazier would have, at the very latest, needed to file the instant motion by November 8, 2006. His motion is almost ten months too late. Frazier's own papers acknowledge and quote the relevant time restriction, but offer no explanation or excuse for the delay. Accordingly, the time limitation set forth in Rule 60(b) provides an independent and sufficient basis for denial of petitioner's motion.

      C.      **<u>Frazier's Motion Is a Successive Habeas Petition and Should Be Dismissed.</u>**

In his motion, petitioner raises the same issues he raised in his original motion under 28 U.S.C. § 2255, which was duly considered and rejected by the Court. Although Frazier couches his challenge as an alleged fraud on and by the Court, the substance of his motion relies upon an alleged violation of <u>Apprendi</u>. As he did in his habeas petition, Frazier relies upon the fact that the indictment did not include specific drug quantities and that therefore, in light of <u>Apprendi</u>, he could not be charged and convicted of the offenses set forth in 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 841(a)(1) and (b)(1)(A). In the instant motion, Frazier now claims that when he was advised of the maximum penalties for these offenses, along with the applicable enhancement as being life in prison, he was necessarily misinformed (as he could only constitutionally be charged with violating 21 U.S.C. § 841(a)(1) and (b)(1)© which has a lower maximum sentence). That misinformation gives rise to the "fraud" that forms the basis of his 60(b)(3) motion.

This does not constitute an attack on the "manner in which the earlier habeas judgment

4

was procured," but instead seeks yet again to "collaterally attack the petitioner's underlying conviction." Pridgen, 380 F.3d at 727. Indeed, the same issue was raised in Frazier's § 2255 motion and the Memorandum Opinion (D.I. 95) issued by the Court in connection with that motion amply and adequately explains why petitioner failed to establish a substantive Apprendi violation. As a successive habeas petition, Frazier is required to have his motion certified by the appropriate court of appeals. 28 U.S.C. § 2255. The motion contains no such certification, nor could it, as it neither relies upon newly discovered evidence establishing Frazier's innocence or a new rule of constitutional law to be applied retroactively. Accordingly, the instant motion should be dismissed.

      **D.**     **Even Ignoring Procedural Defects, the Motion Lacks Substantive Merit.**

Setting aside the procedural defects of Frazier's motion (which provide a sufficient and independent basis for denial of it), his claim is meritless. As noted above, Frazier contends that the fraud perpetrated on and by the Court stemmed from advising him that the maximum penalty he faced was life in prison, rather than thirty years. As the facts and law support the accuracy of the original advisement, there is no misrepresentation and therefore no fraud upon the Court.

As this Court noted in denying Frazier's habeas motion, it has been determined that 21 U.S.C. § 841 is not facially unconstitutional in light of the Supreme Court's decision in Apprendi. See United States v. Kelly, 272 F.3d 622, 623 (3d Cir. 2001). Thus the government appropriately charged Frazier and the Court handed down a sentence consistent with the charges on which he was convicted with the applicable enhancement— a term of life imprisonment. Accordingly, the legality of Frazier's conviction and sentence cannot be called into question— indeed Frazier is currently serving such a term (having been upheld on both direct and collateral

appeal)— and any representation regarding a maximum sentence was accurate and not fraudulent. Because there was no fraud perpetrated on or by the Court, Frazier's motion for relief under Fed. R. Civ. P. 60(b)(3) should be denied.

## III.   CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(3).

> Respectfully submitted,
> COLM F. CONNOLLY
> United States Attorney
>
> BY:   /s/ Lesley F. Wolf
> Lesley F. Wolf
> Assistant United States Attorney

Dated: September 11, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLEM FRAZIER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | Criminal Action No. 99-07-JJF |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Petitioner's Motion Alleging Fraud Upon the Court (D.I. 103), and the Government's response thereto, it is hereby ORDERED that defendant's motion is DENIED.

By the Court:

_____

Hon. Joseph J. Farnan, Jr.
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 99-7-JJF |
| | ) | |
| WILLIAM FRAZIER | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, hereby certify that on the 11th of September 2007, I caused to be served via U.S. mail the following:

> William Frazier
> Register No. 01073-748
> FCC-USP-1
> P.O. Box 1033
> Coleman, FL 33521-1033

 /s/ Lesley F. Wolf
Lesley F. Wolf
Assistant United States Attorney