99 CR 7 JJF

WILLIAM FRAZIER
USM reg. No. 01073-748
U.S. Penitentiary Pollock
P.O. Box 2099
Pollock, LA 71467

Pro se



FILED

SEP 11 20..

U.S. DISTRICT COURT
DISTRICT OF DELAW.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

vs.

WILLIAM FRAZIER,
         Defendant.

MOTION TO AMEND SENTENCE PURSUANT TO UNITED STATES SENTENCE GUIDELINE
AMENDMENT § 2D1.1 AND TITLE 18 U.S.C. § 3582 (c) (2)

COMES NOW, WILLIAM FRAZIER, hereby files this motion to amend sentence pursuant to United States Sentencing Guideline Section 2D1.1 (2007) and 1B1.10 and in support thereof, states the following:

THE GUIDELINE AMENDMENT

On March 1, 2008 United States Sentencing Guideline Amendment to the crack cocaine guideline became effective. (1) This amendment is retroactively applied to criminal defendants who were sentenced for crack cocaine violations pursuant to the United States Sentencing Guideline Section 2D1.1 District Courts now have jurisdiction pursuant to 18 U.S.C. §3582(c)(2) & 28 U.S.C. §994(o) to decide in the first instance whether to modify previously imposed sentence where the cocaine range on which they were based has subsequently been lowered.

---

    1. Amendment to the Sentencing Guideline for the United States Courts, 72 Fed, Reg. 28571-28572 (2007)

PROCEDURAL HISTORY

Statement of the Case

Frazier was convicted on a two count indictment-one count of Distribution of Cocaine Base in violation of 21 U.S.C §841(a)(1) and (b)(1)(B) ("Count One") and one count of Distribution of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) ("Count Two"). Frazier was sentenced to life imprisonment on Count Two and a consecutive life sentence on Count One. The conviction was affirmed by the Third Circuit and on February 20th, 2001. Frazier's petition for a writ of certiorari to the United States Supreme Court was denied.

THE SENTENCING GUIDELINE APPLYING TO NOVEMBER 1, 2007
2D1.1 AMENDMENT

Frazier was originally charged with violation of 21 U.S.C. §841(a)(1). The indictment did not include a specific drug quantity's. The Court determined the Based Offense Level by the preponderance of the evidence standard.

RE-SENTENCING

A. INTRODUCTION

[E]very lawyer engaged in defending criminal cases knows that the finding of guilt is a foregoing conclusion and that the real issue centers about the severity of the punishment. U.S. v. SMITH 359 F.Supp. 2d 771 (E.D. Wis. 2005)

The Booker decision has two parts. In the first part, the Court held that the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §3551 et seq., violated a defendant's right to a jury trial under the Sixth Amendment. This was so because the Guideline required a judge to find facts that can increase a defendant's sentence beyond what could be imposed solely based on the jury's verdict. As a remedy;

in the second part, a different majority of the Court served two parts of the Act, 18 U.S.C. §3553(b)(1), which made the guidelines mandatory, and U.S.C. §3542(e), which mandated a de novo standard of review. With these modifications, the Court noted that "the Federal Sentencing Act... makes the Guideline effectively advisory". Booker, 125 S. Ct. at 757.

The return to the exercise of the true judicial discretion in sentencing is explained in these words of the Supreme Court:

> We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issue presented by these cases would have been avoided entirely if Congress had omitted from the provisions that make the the Guidelines binding on district judges... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to jury determination of the facts that the judge deems relevant.

Booker, 125 S. Ct. at 750 (citations omitted).

With the decision by the United States Supreme Court that the Federal Sentencing Guidelines were unconstitutional, it's Booker decision holds that a defendant's Sixth Amendment right are violated where the mandatory guidelines required judges to find facts resulting in specific sentencing consequences having the effect of increasing a defendant's sentence beyond that range which would apply either by a jury's verdict or by a plea of guilt by the defendant. The Court, in a separate majority opinion, which has been described "remedial' opinion, deemed that the guidelines are now merely "advisory" and that district judges are to "consider" the guidelines ranges presented in the sentencing context while having the discretion to form a sentence in light of other statutory concerns, specifically those presented in U.S.C. §3553(a). Id.

B. What must be in Considered in Post-Booker Sentencing

Post-Booker, the guidelines become but one of several factors to be considered by the court in sentencing process. First, the guideline range, including policy statement are to be considered under 18 U.S.C. §3553(a)(4) and (5) as an advisory guide. Applicable departures under the guidelines are also to be considered. Now the court must also consider the statutory directive presented in other parts of §3553 (a) as well as the Congressional directive that "No limitation shall be placed on the information concerning the background, character and conduct of the defendant in the course of the sentencing process. 18 U.S.C. §3661. In other words the court is free to sentence just like it did pre-November 1987.

Departures under § 5H1 which, by the Sentencing Commission's policy statements, had all but become mandatory inapplicable to defendant's and their personal circumstances, are no longer outside the scope of a sentencing court's assessment of a reasonable sentence.

Section §3553(a)(1) specifically directs that the court shall consider during the sentencing process "the history and characteristics of the defendant". Therefore, such matters as age, employment, family ties, good deeds, and community ties, for instance, can and should be considered by this Court in fashioning a reasonable sentencing. Under the same subsection of §3553, the court is directed to consider the "nature and circumstances of the offense" without the mandatory directives of the now advisory guidelines. The Court is directed in §3553(a)(2)(A) to fashion a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant; ..." Under Booker. Each of these factors is to be separately considered by a court as part of the entire sentencing process.

Further, §3553(a)(6) directs the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct..." That certainly means more than calculating each defendant's guidelines and simply imposing the mandated sentence. Finally, under §3553(a)(7), the Court shall consider "the need to provide restitution to any victims of the offense". The Court must now analyze whether a deviation from the "advisory" guideline range is appropriate giving due consideration to each of the factors enumerated". The former mandatory nature of the guidelines and decisions supporting the policies of the Sentencing Commission omitted consideration of personal and historical characteristics.

At re-sentencing, Frazier must be granted the opportunity to present any relevant evidence about his personal history and characteristics as required by §3553(a) and §3661 and present argument about the role that each subsection of §3553(a) should play in the sentencing process.

### RE-SENTENCING ANEW

It is the defendant's position that his original sentencing was illegal and in violation of his Sixth Amendment right to a jury trial as Frazier was sentenced by a District Court Judge using factors found by a preponderance of the evidence and not based on a jury finding or admitted by the defendant.

In fact, in accordance with the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); Blakely v. Washington, 542 U.S.-, 124 S. Ct.. 2531, 159 L.Ed. 2d 403 (2004); and United States v. Booker, 543 U.S.____125. SCt. 738, 160 L.Ed.2d. 621 (2005) (Part One), the defendant's sentence using the mandatory guideline scheme could not have exceeded the base level consistent with the amount of drugs referenced

in the indictment.

In deciding whether to modify the sentence, district courts must consider the factors set forth in 18 U.S.C. 3553(a) anew and in light of the Gall and Kimbrough, and applicable Sentencing Commission Policy Statement. United States v. Regalado, 030408 FED2, 05-5739 (2nd Cir. 3-3-08).

KIMBROUGH v. UNITED STATES, 552 U.S.____(2007)

Kimbrough addressed the "disproportionate and unjust effect that crack cocaine guidelines have in sentencing", noting that a drug trafficker dealing in crack cocaine was subject to the same sentence as one dealing in 100 times more of powder cocaine.

Following the rational in Kimbrough vacating the Fourth Circuit's reversal as per se unreasonable and holding the crack/powder disparity as a mandatory, the Supreme Court held that: "A District Judge must include the guideline range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within guidelines sentence is "greater than necessary to serve the objective of sentencing §3553(a). In making that determination, the Judge may consider the disparity between the guidelines treatment of crack and powder.

The defendant submits that this Court pursuant to the holding in Kimbrough may still consider the disparity between powder and crack cocaine. In fact in Kimbrough the Court held: "Given the Commissions departure from it's empirical approach to formulating the crack guidelines and it's subsequent criticism of the crack/powder disparity, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine run case."

---

2. The defendant realizes that the November 1, 2007 amendment to the Sentencing Guidelines as relates to crack has reduced the disparity by some, but clearly not all provisions for two level decrease.

## REASONABENESS

"It has been uniform and consistent in federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings and sometimes mitigate, sometimes magnify, the crime and the punishment to ensure" Koon v. U.S., 518 U.S. 81 (1996).

As noted by the Court in Kimbrough, supra, crack and powder cocaine have the same physiological and psychotropic effects, but are handled very different for sentencing purposes.

An outside the guidelines decision in this case, below the suggested guidelines, even after the 2007 crack amendment is applied would be in line with §3553(a)'s overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals advanced in §3553(a)(2).

(See Kimbrough, supra).

## CONCLUSION

The defendant is requesting the Court to impose a sentence to time served based on all the above factors.

"While rendering the Sentencing Guidelines advisory, United States v. Booker 543 U.S. 220, 245 (2005), we have never less preserved a key role for the Sentencing Commission." As explained in Rita and Gall, district courts must test the Guidelines as the "starting point and the initial benchmark," Gall v. U.S. at 11.

Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve §3553(a)'s purpose.

- 8 -

Dated 9/5/08

Respectfully admitted,

*William Frazier*
WILLIAM FRAZIER

CERTIFICATE OF SERVICE

I hereby certify that on __5TH__ day of __SEPT__, 2008, I served a true copy of the foregoing to: Lesley F. Wolf
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

USP/POLL
P.O. BOX 2099
POLLOCK, LA 71467

[CLERK OF COURT]
J. CALEB BOGGS
FEDERAL BUILDING
844 N. KING STREET
WILMINGTON, DE 19801