IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 99-7-JJF |
| WILLIAM FRAZIER, | : |
| Defendant. | : |

David C. Weiss, Esquire, United States Attorney and Lesley F. Wolf, Esquire, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Attorney for Plaintiff.

William Frazier, Pro Se Defendant.

**MEMORANDUM OPINION**

November 20, 2009

Wilmington, Delaware.

Farnan, District Judge

Pending before the Court is a Motion Under Fed. R. Civ. Proc. [sic] 60(b)(3) Alleging "Fraud Upon A Federal Court, Misrepresentation And Violating The Integrity Of The Proceedings" (D.I. 103) filed by Defendant, William Frazier. For the reasons set forth below, the Court will deny Defendant's Rule 60(b) Motion.

## BACKGROUND

In July 1999, Defendant was tried before a jury and convicted of one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count One") and one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Two"). At sentencing, the Government established that Defendant had two prior felony convictions. As a result, the Court sentenced Defendant to a mandatory term of life imprisonment on Count Two and a consecutive life sentence on Count One. Defendant appealed his conviction and sentence, and the Third Circuit affirmed. (D.I. 64). Defendant also filed a Petition for Certiorari review in the United States Supreme Court. The Petition was denied.

On February 20, 2001, Defendant filed a Section 2255 Motion. Defendant's Motion was denied initially, and he was given leave to amend. On February 13, 2003, Defendant filed an amended Motion alleging ineffective assistance of counsel and that his

1

sentence violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Court denied Defendant's Section 2255 Motion, and the Third Circuit declined to issue a certificate of appealability. (D.I. 100). Defendant also sought review in the United States Supreme Court, and his Petition For Certiorari was denied. (D.I. 102).

On August 27, 2007, Defendant filed the instant Motion alleging that the Magistrate Judge and federal prosecutors perpetrated a fraud upon the Court by failing to accurately advise Defendant at his arraignment of the penalties he faced if he was convicted. The Government has filed a response contending that the Motion should be dismissed because (1) the Motion is untimely; (2) the Motion is properly characterized as a second, successive Section 2255 Motion; and (3) the Motion lacks substantive merit.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) provides that "the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Motions brought under Rule 60(b)(3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In this case, Defendant filed his Motion on August 27, 2007,

2

and he alleges a fraud that was allegedly perpetrated at his initial appearance on February 11, 1999. Because Defendant filed his Motion more than eight years after the proceeding which he alleges was the subject of the fraud, the Court concludes that Defendant's Motion is untimely.[1]

Alternatively, the Court notes that Defendant's Motion reiterates many of the same arguments he raised in his initial Section 2255 Motion. In this regard, the Court is persuaded that Defendant's Motion presents a second, "collateral attack" to his underlying conviction. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (holding that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition"). Defendant has not obtained authorization from the Third Circuit for such a filing, and therefore, the Court lacks jurisdiction to consider Defendant's Motion. Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2000).

**CONCLUSION**

For the reasons discussed, the Court will deny Defendant's Motion Under Fed. R. Civ. Proc. [sic] 60(b)(3) Alleging "Fraud Upon A Federal Court, Misrepresentation And Violating The

---

[1] Even if the Court calculates the time frame from the date of the last activity in Defendant's case, the Motion is still untimely. The last activity in Defendant's case was the Supreme Court's denial of his Petition For Certiorari review on November 7, 2005.

Integrity Of The Proceedings."

    An appropriate Order will be entered.