IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 99-7-JJF |
| | : |
| WILLIAM FRAZIER, | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court is a letter motion (D.I. 124) filed
by Defendant William Frazier, requesting an extension of time to
file an appeal from the Court's November 20, 2009 Order (D.I.
113) denying Defendant's Motion Under Fed. R. Civ. P. 60(b)(3)
(D.I. 103), which alleged fraud upon the Court.

## I. BACKGROUND AND PARTIES' CONTENTIONS

In July 1999, Defendant was tried before a jury and
convicted of one count of Distribution of Cocaine Base in
violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count One")
and one count of Distribution of Cocaine Base in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Two"). At sentencing,
the Government established that Defendant had two prior felony
convictions. As a result, the Court sentenced Defendant to a
mandatory term of life imprisonment on Count Two and a
consecutive life sentence on Count One. Defendant appealed his
conviction and sentence, and the Third Circuit affirmed. (D.I.
64.)

In February 2001, Defendant filed a Section 2255 Motion,
which was amended in February 2003.  The Court denied Defendant's
amended Section 2255 Motion (D.I. 95, 96), and declined to issue
a certificate of appealability.  Defendant requested a
certificate of appealability from the Third Circuit, and the
Third Circuit denied Defendant's request.  (D.I. 100.)

On August 27, 2007, Defendant filed a Motion under Fed. R.
Civ. P. 60(b)(3), alleging that the Magistrate Judge and the
federal prosecutors perpetrated a fraud upon the Court by failing
to accurately advise Defendant at his arraignment of the
penalties he faced if he was convicted.  (D.I. 103.)  On November
20, 2009, the Court denied Defendant's Motion, concluding that
the Motion was untimely, and, in the alternative, that the Court
lacked jurisdiction over the Motion because it constituted a
second, successive Section 2255 Motion.  (D.I. 112, 113.)  The
Court also declined to issue a certificate of appealability.
(D.I. 113.)

On June 10, 2010, Defendant filed the pending letter motion
for an extension of time to file an appeal.  By his letter
motion, Defendant contends that he was not notified of the
Court's denial of his Rule 60(b)(3) Motion, and thus, he did not
have an opportunity to appeal it.  (D.I. 124.)  According to
Defendant, he first became aware of the Court's denial of his
Rule 60(b)(3) Motion on May 25, 2010.  (D.I. 122.)  As a result

of this delay, Defendant contends that he should be afforded an opportunity to appeal the Court's decision. (D.I. 124.)

In response, the Government has filed an opposition to Defendant's Motion. The Government contends that Defendant's request for extension of time is untimely under Fed. R. App. P. 4(a)(1)(5)(A), and that Defendant has not demonstrated that the time to file an appeal should be reopened under Fed. R. App. P. 4(a)(6).

## II. DECISION

When the United States is a party to an action, an appeal of a civil judgment or order must be taken within 60 days after the judgment or order is entered. Fed. R. App. P. 4(a)(1)(B). The Court may extend the time to file an appeal, if a party moves for an extension of time within 30 days after the time for appeal has expired and shows excusable neglect or good cause for the delay. Fed. R. App. P. 4(a)(5)(A). The Court's Order denying Defendant's Rule 60(b)(3) Motion was entered in November 2009, and therefore, the time provided in Fed. R. App. P. 4(a)(5)(A) for seeking an extension of time to appeal has expired.

However, Fed. R. App. P. 4(a)(6) provides an alternative basis for extending the appeal time. Specifically, Fed. R. App. P. 4(a)(6) provides that the Court may reopen the time to file an appeal for a period of 14 days, if the following conditions are satisfied:

(A) the court finds that the moving party did not receive

3

notice under Federal Rule of Civil Procedure 77(d) of the
entry of judgment or order sought to be appealed within 21
days after entry;

(B) the motion is filed within 180 days after the judgment or
order is entered or within 14 days after the moving party
receives notice under Federal Rule of Civil Procedure 77(d) of
the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Even if the Court accepts Defendant's contention that he did
not receive notice of the Court's November 20, 2009 Order until
May 25, 2010, the Court concludes that Defendant is not entitled
to an extension of time because he cannot satisfy the time
limitations set forth in Fed. R. App. P. 4(a)(6). The Court's
Order was entered on November 20, 2009, and 180 days from that
date is May 19, 2010. Defendant further states that he received
notice of the Court's Order on May 25, 2010, and 14 days from
that date is June 8, 2010. Pursuant to Fed. R. App. P. 4(a)(6),
the Court is required to consider the earlier of these two dates,
and therefore, Defendant must have filed his request to reopen
the time for filing his appeal by May 19, 2010.

Defendant filed the instant letter motion on June 10, 2010,
which is after the May 19, 2010 deadline. Accordingly, the Court
concludes that Defendant's letter motion requesting an extension
of time to appeal, or alternatively, to reopen the time for
filing an appeal, is untimely.

A certificate of appealability is required before a
Defendant can appeal the denial of an extension of time under
Fed. R. App. P. 4(a)(6).  A certificate of appealability is
appropriately issued "if the § 2255 movant shows: (1) that
jurists of reason would find it debatable whether the district
court abused its discretion in denying the Rule 4(a)(6) motion;
and (2) that jurists of reason would find the district court's
assessment of the constitutional claims in the underlying order
debatable or wrong."  United States v. Rinaldi, 447 F.3d 192, 195
(3d Cir. 2006).  The Court is not persuaded that reasonable
jurists would debate its conclusion that the instant request for
an extension of time to appeal is untimely, or that the Court's
underlying order denying Defendant's Rule 60(b) motion was
debatable or wrong.  Accordingly, the Court will deny Defendant's
letter motion seeking an extension of time to file an appeal.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.   Defendant William Frazier's letter motion requesting an
extension of time to file an appeal (D.I. 124) is **DENIED**.

2.   To the extent the Court must consider whether to grant
a certificate of appealability, a certificate of appealability is
**DENIED**.

July  14, 2010
    DATE

UNITED STATES DISTRICT JUDGE

5