IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 99-07 (MN) |
| ) | |
| WILLIAM FRAZIER a/k/a ) | |
| RICH MOORE ) | |
| ) | |
| Defendant. ) | |

**MEMORADUM ORDER**

At Wilmington, this 29th day of October, 2020:

Pending before the Court is Defendant, William Frazier's ("Mr. Frazier" or "Defendant") "Amended Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018." (D.I. 144).[1] The Court heard argument on October 27, 2020.[2] For the reasons that follow, the Court will GRANT the motion and separately enter an order and judgment amending Defendant's sentence in Criminal No. 99-07 (MN).

On July 15, 1999, Defendant was found guilty by a jury on two counts of distribution of cocaine base. On December 8, 1999, he was sentenced to life imprisonment and to ten years of supervised release on each of the two counts to run consecutively, for a total term of 20 years of supervised release. The Bureau of Prisons estimates that, including good time, Mr. Frazier has served just over 263 months in federal prison as of the date of this Order.

---

[1] On April 12, 2019, Frazier filed his motion pro se. (D.I. 137). Thereafter, on August 6, 2020, the Office of the Federal Public Defender for the District of Delaware filed an Amended Motion. (D.I. 144).

[2] Mr. Frazier was not present, and the parties agree that his presence is not required to impose a reduced sentence under the First Step Act. *See also United States v. Shannonhouse*, Cr. No. 07-289, 2019 WL 3426328, at *1 (W.D. Pa. July 30, 2019) (citing Fed. R. Crim. P. 43(b)(4)).

The parties agree that Defendant is eligible for a limited resentencing under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222 (2018) ("First Step Act"), which makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, 2372 (2010) ("Fair Sentencing Act"). Sections 2 and 3 of the Fair Sentencing Act reduced the statutory penalties for drug offenses involving cocaine base under 21 U.S.C. § 841(b). In particular, it increased the amount of cocaine base needed to trigger the highest possible sentencing range from 50 grams to 280 grams. The First Step Act permits a court that imposed a sentence for a covered offense committed before August 3, 2010, now to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act at § 404(b).

Here, there are a number of issues that are not in dispute. The parties agree that Defendant's offenses of conviction are covered offenses and that he is eligible for a limited resentencing under Section 404 of the First Step Act. The parties agree that the total amount of cocaine base attributed to the Defendant for guideline sentencing purposes is 86 grams, which under the appropriate sentencing guidelines has a Base Offense Level of 24. The parties agree that a ten (10) level enhancement under U.S.S.G. §4B1.1(b)(2) is appropriate, bringing the total Offense Level to 34. The parties also agree that Defendant's total criminal history points (14) and his prior felony convictions involving criminal sale of a controlled substance and possession with intent to deliver cocaine establish a Criminal History Category of VI. (U.S.S.G. Chapter 5, Part A; U.S.S.G. §4B1.1). And the parties agree that the current guideline provisions are 262 to 327 months of imprisonment and 6 years of supervised release.[3]

---

[3] The guidelines provisions also include a fine range of $35,000 to $2,000,000, and a $200 special assessment. Neither the Court's prior decision not to impose a fine, nor its prior special assessment is at issue in the current motion.

Finally, the parties and the Court agree with the majority of district courts that this Court's authority to modify a sentence comes from 18 U.S.C. § 3582(c)(1)(B), which limits the Court to modifying a sentence as "expressly permitted by statute." *Shannonhouse*, Cr. No. 07-289, 2019 WL 3426328, at *1 (citing *United States v. Crews*, Cr. No. 06-418, 2019 WL 22448650, at *4 (W.D. Pa. May 24, 2019) and *United States v. Davis*, Cr. No. 07- 2458(1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019)). Here, the First Step Act expressly permits a court to reduce that sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Because the authority given to this Court is limited to applying these two sections, it is not at liberty to conduct a plenary re-sentencing. *See Shannonhouse*, 2019 WL 3426328 at *1 (citing numerous cases).

What the parties do, however, disagree about is what Mr. Frazier's reduced sentence should be. Defendant requests a sentence of time-served followed by a period of supervised release. The Government requests a guidelines sentence of 265 months based on the seriousness of Defendant's offenses and his extensive criminal history as well as his less than stellar disciplinary record while in prison, which may raise questions about his rehabilitation.

The Court agrees with Defendant and will reduce Mr. Frazier's sentence to a period of time served. This sentence takes into account the seriousness of his offenses, his prior criminal history and his disciplinary record. It also takes into account that Mr. Frazier has earned his GED and completed numerous educational and vocational courses while incarcerated. And it considers that according to the Bureau of Prisons' estimate, with good time earned, Mr. Frazier has served more than 263 months (within the guideline range) as of the date of this Order.

The Court further notes that the parties seem to agree that Defendant's term of supervised release should be reduced to six (6) years, to be served concurrently on each of Counts I and II.

The Court agrees and will make this reduction. All terms and conditions of supervised release originally imposed upon Defendant shall remain in full force and effect. Further, the Court will impose as an additional condition of supervised release that the Defendant be released directly to a residential reentry center in Wilmington, DE, where he will serve up to the first six (6) months of his supervised release, unless shortened by the Probation Officer upon approval of a home plan. The Defendant shall observe all rules of that facility. The requirement to pay subsistence fees shall be waived. The Defendant shall remain in the custody of the Bureau of Prisons until bed space becomes available at the RRC. The Court imposes these conditions to facilitate Mr. Frazier's transition from imprisonment.

Accordingly, Defendant is entitled to a reduction in his sentence of imprisonment and of supervised release.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The motion of William Frazier for a reduction in sentence is GRANTED. An appropriate order and judgment reflecting the changes to his sentence will be entered separately.

2. The Final Presentence Investigation Report dated October 22, 2020 is ADOPTED with the instruction that paragraph 60 be updated to reflect that there is no active warrant for Mr. Frazier in Queens County, NY.

_____
The Honorable Maryellen Noreika
United States District Judge